IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL L. O'NEIL, *pro se*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-65E |
| ) | |
| DIOCESE OF ERIE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The complaint in this matter alleges violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 2000e *et seq.*; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); and the Pennsylvania Human Relations Act ("PHRA"), 3 Pa.C.S.A. § 951 *et seq.*, growing out of Plaintiff Cheryl O'Neil's employment as a staff accountant for the Diocese of Erie. We have jurisdiction over Plaintiff's federal claims under 42 U.S.C. § 2000(e) and 42 U.S.C. § 12112, and supplemental jurisdiction over her state law claim under 28 U.S.C. § 1367.

Before the Court is Plaintiff's Motion to Request Permissive Joinder Pursuant to Federal Rules of Civil Procedure 20(a) (Doc. 11), and Defendant's brief in opposition. Plaintiff is appearing *pro se*. By her motion, Plaintiff seeks to join James Bogniak, David Murphy, Monsignor Robert Smith, and Bishop Donald Trautman as individual defendants in her complaint against her former employer, the Diocese of Erie. Defendant's brief explains that James Bogniak was Plaintiff's former supervisor, and David Murphy is the Diocesan Director of Finance. (Def.'s Br. at 2).

For the reasons set forth below, Plaintiff's motion will be denied.

### I. Background

At this stage in the litigation, we take the facts as averred in the complaint. O'Neil was employed as a staff accountant for the Diocese of Erie, from July 1997 through August 20, 1999. (Compl. at ¶ 1). Her employer was aware that she suffered from major depression. (*Id.*

at ¶ 5-6). O'Neil's supervisor was aware of her disability and initially provided various accommodations to her or allowed her to construct her own supports. (*Id.* at ¶ 12). O'Neill needed to work in a setting where there were as few disruptions as possible. (*Id.* at ¶ 24). These accommodations went to reducing distractions and designing work activities to be as routine and organized as possible. With these accommodations, O'Neil fully and adequately performed the essential functions of her job). (*Id.* at ¶ 24).

At some point, O'Neil's supervisor began removing accommodations, changed her job location, and insisted that she socialize with other staff. (*Id.* at ¶ 12-13). These demands and modifications made it more difficult for her to perform her work. (*Id.* at ¶ 14). O'Neil filed an internal complaint asserting that her supervisor violated the Diocese's internal harassment policy and discriminated against her because of her gender and depression. (*Id.* at ¶ 15).

The Diocesan staff began retaliating against her. The staff accused her of being anti-social or disruptive, demanded that she undergo psychological counseling, and said that she must authorize her psychologist to provide reports to her supervisor. (*Id.* at ¶ 17). These conditions were not imposed upon other employees. (*Id.* at ¶ 28). Faced with the prospect of having her psychiatric records shared with her supervisor, and because she had suffered harassment for several years, O'Neil resigned. (*Id.* at ¶ 20). Thereafter, O'Neil suffered significant strain and became essentially incapacitated; she eventually became totally disabled. (*Id.* at ¶ 20).

O'Neil filed a timely charge of discrimination with the Pennsylvania Human Relations Commission ("PHRC"), which was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at ¶ 30). The EEOC issued a right to sue letter on February 13, 2006. By letter dated March 16, 2004, the PHRC informed Defendant's attorney that O'Neil's complaint was dismissed. Defense counsel attached this document to its brief opposing Plaintiff's motion. O'Neil filed this action on March 15, 2006. The initial case management order in this action permits the joinder of new parties on or before August 25, 2006. Plaintiff's

2

motion to join was filed on that date.

## II. Applicable Legal Standards

Under Rule 20 (a), a district court may permit the joinder of defendants if there is asserted against them any right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20 (a). Federal Rule of Civil Procedure 15(a) provides that "leave to amend shall be freely given when justice so requires." However, a district court may deny leave to amend if the amendment is futile. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997). A proposed amendment is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted. *Id.*

Pleadings filed by *pro se* litigants are not held to as high a pleading standard as pleadings filed by counsel, and such pleadings must be liberally construed by the court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III. Analysis

Defendant does not dispute that Plaintiff's claims against these individuals would arise from the same series of occurrences alleged in the complaint, and that a question of law or fact would be common to all defendants. However, Defendant asserts that amendment is futile as to Plaintiff's Title VII and ADA claims because neither statutory scheme permits suits to be brought against employees in their individual capacities. Defendant further argues that all claims against these individuals, none of whom were named in Plaintiff's charge to the EEOC or the PHRA, are barred by the applicable statutes of limitations. We will address Plaintiff's claims in turn.

**Title VII Claim**

The Court of Appeals for the Third Circuit has held that there is no right of action against an individual employee under Title VII. *Sheridan v. DuPont*, 100 F.3d 1061, 1077-78 (3d Cir. 1996), *cert. denied*, 521 U.S. 1129 (1997). The only proper defendant to a Title VII

claim is the employer, which, in this case, is the Defendant Diocese of Erie. We agree with the Defendant that it would be futile to permit the Plaintiff to amend her complaint to add any of these four individuals to Count Two as she requests, since she cannot sustain a Title VII cause of action against them. Accordingly, the motion to amend will be denied as to this point.

Defendant argues in the alternative that we should deny Plaintiff's motion to join these individuals because they were not named within 90 days of her receipt of her right to sue letter. Given our conclusion that claims against these individuals are not permitted under Title VII, we do not reach the question of whether they were timely filed.

### ADA Claim

The United States Supreme Court has not addressed whether individuals may be held liable under Title I of the ADA. However, the general rule in this jurisdiction is that there is no individual liability for damages under Title I of the ADA. *Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir.2002). In that case, the Third Circuit affirmed a portion of the district court's opinion that held that "the ADA does not contemplate such 'individual, or supervisor, liability.'" *Koslow*, 302 F.3d at 176. The Court of Appeals permitted a limited exception for liability where the individual defendants are state officials acting in an official capacity, which is not applicable in this case. *Id.*

Moreover, the word "employer" is defined the same in the ADA and Title VII, and courts in other circuits along with district courts in this jurisdiction have concluded that individual employees are not liable under the ADA. *See, e.g. Holocheck v. Luzerne County Head Start, Inc.*, 385 F.Supp.2d 491-496 (M.D.Pa. 2005) (collecting cases finding no liability under the ADA or ADEA); *McInerney v. Moyer Lumber and Hardware, Inc.*, 244 F.Supp.2d 393, 398 (E.D. Pa. 2002) (finding no individual liability under the ADA and collecting cases); *Douris v. Schweiker*, 229 F.Supp. 2d 391, 396-99 (E.D. Pa. 2002) (finding no individual liability under the ADA and collecting cases). We agree with the courts that have addressed this issue, and find that the individual defendants Plaintiff seeks to add through an amended

complaint are not liable under the ADA. Therefore, such amendment would be futile.

Defendant further argues that we should deny Plaintiff's motion to join these individuals because they were not named within 90 days of her receipt of her right to sue letter. Given our conclusion that they are not amenable to suit under the ADA, we need not reach this issue.

We conclude that permitting Plaintiff to amend her complaint to join James Bogniak, David Murphy, Monsignor Robert Smith, and Bishop Donald Trautman as individual defendants to her ADA claim would be futile, and Plaintiff's motion will be denied on this point.

**PHRA Claim**

Defendant correctly points out that Plaintiff's motion does not explicitly seek to join James Bogniak, David Murphy, Monsignor Robert Smith, and Bishop Donald Trautman as individual defendants to her claim in Count III that defendants violated the PHRA

However, her "statement of facts" asserts, *inter alia*, that these individuals interfered with her opportunity and ability to acquire accommodations to her disability (¶ E); interfered with her opportunity to work in an environment free of discrimination, harassment and abuse (¶F); "knew of their individual roles in the hostile work environment, disability discrimination and failure to accommodate, and punitive retaliation measures" (¶ I); took actions to keep her from opposing a discriminatory practice (¶ J); and "engaged in the acts giving rise to the claim" (¶ A). Using the liberal standards required for submissions by a *pro se* plaintiff, we assume that Plaintiff seeks to join these individuals to her PHRA claim as well as to her other claims.

The PHRA states that "any employer" may be held liable for discrimination under the statute. 43 Pa. Cons. Stat § 955(a). Generally, the PHRA is construed in accordance with Title VII and provides that only an employer may be held liable for employment discrimination. As we have previously stated, none of these individuals qualifies as an "employer" for purposes of liability.

However, unlike Title VII and the ADA, the PHRA provides for individual liability

under certain circumstances. Section 955(e) forbids "any person, employer, employment agency, labor organization or employee to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice ...." 43 Pa. Cons. Stat. § 955(e). Section 955(e) has been interpreted to apply to the employee's supervisor, although it does not encompass direct acts of harassment by non-supervisory co-employees. *Dici v. Commonwealth of Pennsylvania*, 91 F.3d 542, 552-53 (3d Cir. 1996). As one court in this jurisdiction has explained, "an individual supervisory employee can be held liable under an aiding and abetting/accomplice liability theory pursuant to § 955(e) for [his] own direct acts of discrimination or for [his] failure to take action to prevent further discrimination by an employee under supervision." *Davis v. Levy, Angstreich, Finney, Baldante, Rubinstein & Coren*, 20 F.Supp.2d 885, 887 (E.D. Pa. 1998).

It is unclear from Plaintiff's motion whether any of these individuals could be liable for aiding or abetting or for direct discrimination under this provision. We note that Plaintiff does not allege that James Bogniak, David Murphy, Monsignor Robert Smith, or Bishop Donald Trautman actually supervised her. The complaint includes numerous allegations against her supervisor, without naming that individual, and Defendant's brief informs us that Bogniak was her supervisor.

We conclude that permitting the amended complaint would not be futile under the PHRA because Plaintiff might possibly state a claim under Section 955(e) against one or more of these individuals if their conduct violated this section.

However, this does not end our inquiry as to whether Plaintiff should be permitted to add these individuals by means of an amended complaint. Even if such a claim under the PHRA may be legally maintained, it must also have been timely filed in order to provide notice that the individual is likely to be sued for discrimination. It is undisputed that plaintiff's charge with the PHRA or the EEOC did not name the four individuals she now seeks to add as defendants. Claims against individual defendants are preserved where the claimant names the

individuals in the body of the administrative complaint, because this provides the defendants with notice that their conduct is under review. *McInerney v. Moyer Lumber and Hardware*, 244 F.Supp.2d 393, 398-99 (E.D.Pa. 2002). Claims against individuals not named in the administrative complaint may proceed only when "the unnamed party received notice and when there is a shared commonality of interest with the named party." *McInerney*, 244 F.Supp.2d at 299 (quoting *Schafer v. Board of Public Educ.*, 903 F.2d 243, 252 (3d Cir. 1990)).

It is clear that these individuals did not receive timely notice that they might be subject to suit for violating the PHRA. Claims for violation of the PHRA must be brought within two years of the date of dismissal of the complaint. 43 Pa. Stat. ¶ 962(b)(2). The PHRA dismissed Plaintiff's complaint on March 16, 2004, and therefore an action against these individuals must have been filed on or before March 16, 2006. Although the complaint in this case was filed on March 15, this motion, which is the first mention of these four individuals as possible defendants, was not filed until August 25, 2006, well after the statute of limitations had run.

O'Neil did not name these individuals as parties in her administrative complaints. Nor did she move to add them to the charges she filed with the PHRA and the EEOC. She did not include them as parties to the complaint filed in this Court, and first mentioned them in the motion to amend filed several months after the last filing date permitted by the PHRA. We conclude that Plaintiff cannot maintain a claim of discrimination under the PHRA against any of the four individuals, because she did not attempt to file any claims against them until the statute of limitations had expired. Accordingly, we will deny her motion to add them in an untimely fashion through an amended complaint.

### IV. Conclusion

For the reasons set forth above Plaintiff's Motion to Request Permissive Joinder Pursuant to Federal Rules of Civil Procedure 20(a) (Doc. 11) be and hereby is DENIED. James Bogniak, David Murphy, Monsignor Robert Smith, and Bishop Donald Trautman are not proper defendants to charges under Title VII or the ADA, and Plaintiff sought to add claims

against them under the PHRA only after the applicable statute of limitations had expired. An appropriate Order follows.

*October 23, 2006*
Date

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge